United States District Court
Southern District of Texas
**ENTERED**
November 20, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| X.E.G.M., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-213 |
| | § | |
| WILLIAM PELHAM BARR, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

On November 20, 2019, Petitioner X.E.G.M. filed an Emergency Motion for Temporary Restraining Order and Stay of Removal (Doc. 4), requesting that the Court enjoin Respondents from removing, deporting, returning, or relocating Petitioner to Mexico based on the application of the Migrant Protection Protocols (MPP). Simultaneously, she filed a Complaint and Petition for Habeas Relief; Declaratory Relief (Doc. 1), challenging Respondents' application of the MPP and her removal from the United States.

A temporary restraining order is an equitable remedy that may be granted only if the movant satisfies four requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Sunbeam Products, Inc. v. West Bend Co.,* 123 F.3d 246, 250 (5th Cir. 1997); FED. R. CIV. P. 65. Failure to establish any of these elements results in the denial of the motion for injunctive relief. *Guy Carpenter & Co. v. Provenzale,* 334 F.3d 459, 464 (5th Cir. 2003) (citation omitted). Such relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Parish Sch. Bd.,* 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted).

Petitioner bears the burden to satisfy Rule 65's requirements, which include that Petitioner show "specific facts in an affidavit or a verified complaint [that] clearly show that

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Petitioner fails to satisfy this requirement. She alleges in an unverified complaint that if Respondents remove or otherwise relocate her to Mexico again, she would be forced to live "on the street in Matamoros, Tamaulipas, Mexico." (Emergency Motion for Temporary Restraining Order and Stay of Removal, Doc. 4, 7) But the two affidavits attached to her original Complaint do not include statements regarding this alleged injury or the dangers that Petitioner allegedly faces in the "unregulated camp" in Mexico. Based on the submitted affidavits, the Court cannot conclude that Petitioner has supported her allegations that having to remain at a camp in Mexico in a "homeless" state constitutes a threat of immediate and irreparable injury, loss or damage. Emergency injunctive relief is an extraordinary remedy and cannot be supported by mere allegations.

Petitioner may move for a preliminary injunction, which will allow her to provide evidence as to the allegations, as well as allow the parties to address the significant jurisdictional questions and other legal issues that the case raises.

Accordingly, it is:

**ORDERED** that the Emergency Motion for Temporary Restraining Order and Stay of Removal (Doc. 4) is **DENIED**.

SIGNED this 20th day of November, 2019.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge